
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMAR SHIPPING LIMITED, a Cyprus company,<br><br>           Plaintiff - Appellant,<br><br>  v.<br><br>GLOBAL FISHING, INC., a Washington corporation; GLOBAL TRADING RESOURCE CO., a Washington Corporation; and MARINE TREASURES, INC., a Washington corporation,<br><br>           Defendants - Appellees. | No. 12-35471<br><br>D.C. No. 2:09-CV-01825-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 29, 2013[**]
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument pursuant to Fed. R. App. P. 34(a)(2).

Before: McKEOWN and CLIFTON, Circuit Judges, and RAKOFF, District Judge.[***]

Simar Shipping Limited ("Simar") appeals from the district court's entry of judgment in favor of defendants following a bench trial of its claims for breach of contract, account stated, unjust enrichment, and fraudulent transfer. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's conclusions of law *de novo* and its findings of fact for clear error. *See Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 843 (9th Cir. 2004). "[W]e will accept the lower court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed." *Id*. We affirm the district court's judgment.

Simar has raised only its breach of contract and unjust enrichment claims on appeal. As to the district court's conclusions of law, Simar argues that the court committed reversible legal error in "not apply[ing] or even mention[ing]" the United Nations Convention on Contracts for the International Sale of Goods, April 11, 1980, 1489 U.N.T.S. 3 ("CISG"). Here, the district court applied the legal principle that "[a] valid contract requires a meeting of the minds on essential terms," a proposition finding ample support in the CISG and at common law. *See* CISG, arts. 14(1) & 18(1); *Merritt-Chapman & Scott Corp. v. Gunderson Bros.*

---

[***] The Honorable Jed S. Rakoff, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

2

*Eng'g Corp.*, 305 F.2d 659, 662 (9th Cir. 1962) ("Offer and acceptance are the tools by which courts and contract negotiators arrive at the illusive contractual concept of 'a meeting of the minds.'"). Moreover, we find no support in the plain language of the CISG for appellant's claim that the Convention "impliedly" required the district court to employ a "hierarchy of proof" that would have required it to give decisive weight to Simar's evidence comprising "official foreign records." Consequently, we conclude that the district court committed no legal error.

As to the district court's findings of fact, we note that the district court's judgment followed a six-day bench trial, at which the court received evidence and heard testimony from, *inter alia*, four Simar-affiliated witnesses, four witnesses affiliated with appellee Global Fishing, Inc. ("Global"), and three experts. At the conclusion of trial, the court found that "the testimony Simar offered in support of the existence of . . . a contract was not credible." Similarly, the court found that Simar's unjust enrichment claim must fail because "the evidence is inconsistent with Simar ever having had title to the crab shipment." These are precisely the types of findings that we are "especially reluctant to set aside," since they are based upon "the trial judge's evaluation of conflicting lay or expert oral testimony." *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 838 (9th Cir. 1995) (per

curiam); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts.") (internal citations omitted)).

Moreover, the record in this case contains ample evidence to permit a rational trier of fact to conclude that the parties had never formed a new contract for the disputed delivery of crab. Among other evidence, the trial record included: (1) evidence that the disputed delivery of crab was made by pursuant to a long-term "master contract" between Global and East Fish Resources ("East Fish"), an entity that appellees argue was related to Simar and one of its principals; (2) testimony that the electronic "draft" of the putative Simar-Global contract had never been printed; and (3) the testimony of the Global-affiliated witnesses denying that Global ever signed the alleged contract.

The record also contains more than enough evidence from which the district court could have rationally concluded that Simar never had title to the crab shipment and that Global in fact paid East Fish for delivery of the crab. The record contains, for example, documentary and testimonial evidence that would permit a

reasonable factfinder to conclude that Global Fishing chartered the tramper vessel to which East Fish ships delivered the crab, to conclude that Simar did not itself harvest or pay for the crab, and to conclude that Global Fishing prepaid East Fish for this delivery, and other deliveries, of crab throughout 2007. The district court's findings of fact adequately supported its dismissal of Simar's claim for unjust enrichment. *See Young v. Young,* 191 P.3d 1258, 1262 (Wash. 2008) (the claim of unjust enrichment requires a showing that "(1) the defendant receive[d] a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment.").

We thus conclude that the district court's factual findings were not clearly erroneous.

**AFFIRMED.**